# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### DECEMBER 1999 SESSION



FILED

March 6, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # W1999-00046-CCA-R3-CD |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Honorable Arthur T. Bennett, Judge |
| **MARCO BOYD,** | * | (Reckless Endangerment) |
| Appellant. | * | |

FOR THE APPELLANT:

A. C. WHARTON, JR.
District Public Defender

WALKER GWINN
and
J. T. HARRIS
Assistant Public Defenders
201 Poplar Avenue
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MICHAEL E. MOORE
Solicitor General

PETER COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

LEE VESTER COFFEE
Assistant District Attorney
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____


**AFFIRMED**


**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Marco Boyd, pled guilty to two counts of reckless endangerment, Class E felonies. In his negotiated plea, he agreed to a fine of $500 on each count and two one-year concurrent sentences. The manner of service of the sentences was reserved for a later hearing. At the hearing, the trial court denied the defendant probation, and from that decision the defendant now appeals. After careful review, we AFFIRM the judgment from the trial court.

## FACTS

This matter arises out of the events of the night of December 26, 1997, for which the defendant, along with his brother and cousin, were originally indicted on two counts of aggravated assault. The affidavit that gave rise to the charges states that a lady approached a police car about 12:25 p.m. on December 26, 1997, and stated that four men had pulled-up beside her as she was driving with friends and pointed a gun at them. The lady accelerated to avoid the men, but the men also increased their speed and continued to chase until one of the victims got out of her car and approached the officers. Immediately, the officers began to approach the vehicle when two of the men attempted to walk away. They were arrested. After their arrests, they arrived at the vehicle and noticed the defendant in the driver's seat and a gun on the passenger seat. The defendant, at first, refused the officer's demands to keep his hands raised and attempted to get the gun; he was thereafter subdued and arrested. When questioned, all the defendants denied owning the gun.

With the three potentially facing prosecution, the defendant decided to plead guilty to two counts of reckless endangerment. At first, at the time of the guilty plea, the defendant related that he was accepting responsibility for the crimes. However, later at sentencing, the defendant denied committing the

instant offenses and stated, in relevant part, that his plea of guilty was simply his way of avoiding "having to come back and forth to court." During these and other statements at sentencing, the defendant was uncooperative and brazen, especially in his denial of the instant charges and thus the basis for his plea. In response, the court denied the defendant probation despite the fact that he was entitled to a presumption of probation.

## ANALYSIS

The sole issue for our determination is whether the trial court erred in denying this defendant probation. Stated in an alternative fashion, the issue is whether failing to tell the truth during the sentencing hearing can outweigh all other presumptions and factors in favor of probation. The defendant answers that the trial court erred. Specifically, the defendant cites his particular circumstance:

(1) He is 19 years old;
(2) he has a high school education.
(3) he has no prior juvenile or adult arrest record; and
(4) he has a history of gainful employment.

We acknowledge these facts; however, we hold that, in this case, the trial court did not err in concluding that the defendant's lack of truthfulness and candor outweighed all other favorable presumptions and factors. Accordingly, we affirm the sentence as imposed by the trial court.

When there is a challenge to the length, range, or manner of service of a sentence, this Court conducts a de novo review of the record with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required

-3-

consideration by the trial court, review of the sentence is purely de novo. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by this record, this Court should affirm the sentence, "even if [it] would have preferred a different result." See State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

> In making its sentencing determination, the trial court considers:
>
> (1) the evidence, if any, received at the trial and the sentencing hearing,
> (2) the presentence report,
> (3) the principles of sentencing and arguments as to sentencing alternatives,
> (4) the nature and characteristics of the criminal conduct involved,
> (5) evidence and information offered by the parties on the enhancement and mitigating factors,
> (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and
> (7) the potential for rehabilitation or treatment.

See Tenn. Code Ann. § 40-35-210(a), (b); Tenn. Code Ann. § 40-35-103(5); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

A defendant who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." See Tenn. Code Ann. § 40-35-102(6) (1997). In this case, the court considered all relevant sentencing factors that were raised, and therefore the trial court's determination is entitled to the presumption of correctness.

In this case, even though probation must be automatically considered, "the defendant is not automatically entitled to probation as a matter of law." See Tenn. Code Ann. § 40-35-303(b) [sentencing comm'n. comments]; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). The state is correct in its reliance on State v. Bunch, 646 S.W.2d 158 (Tenn. 1983), which stands for the proposition that the defendant's truthfulness may certainly be a factor a trial court can consider at a probation hearing. The truthfulness of one's testimony, as

-4-

observed by a trial judge during the sentencing phase, can be very probative of the defendant's prospect for rehabilitation.

In this case, the defendant, at sentencing, was presented with the following question:

> Q.  You remember my telling you that when you took the responsibility and pled guilty, that it was not going to work out [if] you come in here and ask the judge for probation [while] tell[ing] him that you did nothing [wrong].

He answers:

> A: Yeah, I'm in here right now to get probation.  That's what I'm here for.

And the questioning proceeds:

> COUNSEL: Because you didn't do anything.
> DEFENDANT: No one in that car did anything.
> COUNSEL: Nobody pointed a gun at these two ladies.
> DEFENDANT: The finger's pointing at me right now, ain't it, sir?
> COUNSEL: Nobody pointed a gun at these two ladies.
> DEFENDANT:  Nothing like this false.  That was false information.
> COUNSEL:  You had four people in this car minding their own business, driving their car, and you and a carload full of people trying to get them to pull over and talk to them.
> DEFENDANT:  No, I didn't get them to pull over.
>
> THE COURT: He said you were trying to get them to pull over.
>
> DEFENDANT: Yes, Sir.
> COUNSEL:  And you didn't point a gun at them?
> DEFENDANT: No, sir.
> COUNSEL: So when you pled guilty to this crime and we dismissed your brother and your cousin, when you told Judge Bennett that you were taking responsibility for this crime, you lied to the judge.
> DEFENDANT: No, I didn't.  No, sir, I didn't lie.
> COUNSEL:  So what you're asking the judge to do is put you on probation because you didn't do anything.
> DEFENDANT:  No, him put me on probation because I'm trying to work and I'm tired of coming back and forth to court.
> COUNSEL:  You didn't commit this crime.
> DEFENDANT:  It wasn't no crime committed.
> COUNSEL:  Nobody pointed a gun at these four ladies.
> DEFENDANT:  No, sir.
> COUNSEL:  Including one lady who was pregnant when this happened.  You didn't point a gun at them.
> DEFENDANT:  No, sir, didn't nobody point no gun at her.
> COUNSEL:  When the police finally got you stopped – Let me ask you a question.  You were driving this car; is that correct?
> DEFENDANT:  Yes, sir.
> COUNSEL:  And when these people saw you out there, they tried to get away from you and you kept following these folks.

DEFENDANT: No, I didn't follow them, sir. I didn't follow them. I was going the same – I was going downtown. That's where I was going. That was my designation (sic). If they had – was in front of me or something, they probably thought I was following them, but after then, I can't even give you a description of their car right now. Even after the incident happened. I didn't follow them.

In response to these answers, the trial judge admonished:

Mr. Boyd, the Court doesn't believe half of what you said. You are lying to the Court about what happened out there. And you tell us that you didn't know anybody – the police was after you, nobody pulled any gun on these ladies. There was a gun in the car, though, so they were right about a gun being there.

And you're saying that you didn't harass them or speed up, try to keep up with them or catch them. All of that, is all false. And I don't believe you're telling the truth on that.

You came into this court and took responsibility for it, under oath, under oath right sitting there and said persons in the car could be exonerated or dismissed. And now you come and say you didn't do anything and don't want to take responsibility for it.

He continues:

Now, this is a serious matter. And the first thing the Court's got to do is believe that you're telling the truth. At least now you've got the time. The time is yours. It's all yours. Now, the only thing you can do by testifying here in this hearing is to convince the Court that you would be a good candidate not to be sent to the Correctional Center. You showed me that you are not such a good candidate by your testimony here.

And it bothers the Court further when you testify in this Court that you are taking responsibility of this offense, that your brothers had nothing to do with it, brother and cousin, and then now you come and say, I didn't have anything to do with it either when you get ready to handle your guilty plea.

And I agree with the State. This old game that you're trying to play, you get the others cut free and then you come in and say, 'well, I didn't do it, either. Give me, let me go, too.

Having reviewed the entire record of the sentencing hearing, we find no error in the trial court's decision and sentence.

## CONCLUSION

Accordingly, we AFFIRM the sentence as imposed by the trial court.

-6-

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
GARY R. WADE, Presiding Judge

_____
NORMA McGEE OGLE, Judge